J-S04044-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAHEED WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1168 EDA 2025 |

Appeal from the PCRA Order Entered March 27, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003684-2014

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY NEUMAN, J.:  **FILED FEBRUARY 10, 2026**

Appellant, Shaheed Williams, appeals from the post-conviction court's March 27, 2025 order dismissing, as untimely, his petition for relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

We need not set forth a detailed discussion of the facts of Appellant's case for purposes of his instant appeal.  The PCRA court summarized the relevant procedural history, as follows:

On February 28, 2014, [Appellant]…, along with his co-defendants Aki Jones, Charles Alexander, and Troy Cooper, was arrested and charged with attempted murder and related offenses.  On June 8, 2015, [Appellant] and Jones appeared before this court and elected to be tried by a jury.  The jury convicted [Appellant] of attempted murder, aggravated assault, intimidation of a witness, conspiracy, and possession of a firearm by a person prohibited ("VUFA 6105").[1]  On September 21, 2015, after completion of presentence and mental health reports, this court imposed a [20] to [40] year term of imprisonment for attempted murder,[2] a

consecutive [8] to [16] year term of imprisonment for intimidation of a witness, and concurrent [5] to [10] year terms of imprisonment for conspiracy and VUFA 6105, for a total sentence of [28] to [56] years of imprisonment.

[1] On June 8, 2015, Alexander and Cooper appeared before this court and entered into non-negotiated guilty pleas. Alexander pled guilty to intimidation of a witness and conspiracy and was sentenced to time served to [23] months of imprisonment, plus [5] years of probation, while Cooper pled guilty to conspiracy and was sentenced to 55 to 120 months of imprisonment. The jury convicted Jones of attempted murder, intimidation of a witness, and conspiracy. This court imposed a total sentence of [25] to [50] years of imprisonment.

[2] The aggravated assault and attempted murder charges merged, and the remaining charges were *nolle* [*prossed*.]

[Appellant] appealed and on December 16, 2016, the Superior Court affirmed his judgment of sentence. [***See Commonwealth v. Williams***, 159 A.3d 1005 (Pa. Super. 2016) (unpublished memorandum)]. On July 27, 2017, the Supreme Court of Pennsylvania denied his Petition for Allowance of Appeal. [***See Commonwealth v. Wiliams***, 169 A.3d 1071 (Pa. 2017).]

On December 8, 2017, [Appellant] filed a timely *pro se* … []PCRA[] petition, his first. On August 24, 2018, after an evidentiary hearing, this court dismissed the petition. [Appellant] appealed and on August 7, 2019, the Superior Court affirmed this court's dismissal. [***See Commonwealth v. Williams***, 221 A.3d 245 (Pa. Super. 2019) (unpublished memorandum).] On January 7, 2020, the Supreme Court of Pennsylvania denied his petition for allowance of appeal. [***See Commonwealth v. Williams***, 222 A.3d 1134 (Pa. 2020).]

On July 7, 2020, [Appellant] filed a subsequent *pro se* PCRA petition, his second. On September 17, 2020, this Court dismissed the petition. [Appellant] appealed, and on March 19, 2021, the Superior Court dismissed his appeal for failure to file a brief.

On January 31, 2025, [Appellant] filed the instant *pro se* PCRA petition, his third. On February 27, 2025, this court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. [Appellant] did not respond to this court's [Rule] 907 Notice.

PCRA Court Order and Opinion (PCOO), 3/27/25, at 1-2 (unnecessary capitalization omitted).

On March 27, 2025, the PCRA court issued an order and opinion dismissing Appellant's petition on the grounds that it was untimely. *See id.* at 7-9. Appellant filed a timely, *pro se* notice of appeal. The court did not order him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and it relied on its March 27, 2025 opinion in satisfaction of Rule 1925(a). Herein, Appellant raises two issues for our review:

1) Did the PCRA [c]ourt abuse its discretion and/or err when it did not recuse itself after multiple (numerous) instances of bias, prejudice, and/or unfairness that reasonably established a substantial doubt as to the impartiality of the court?

2) What is the legal avenue that a petitioner shall navigate concerning Supreme Court rulings that contain "old rule" law?

Appellant's Brief at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the

judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on October 25, 2017, 90 days after our Supreme Court denied his petition for allowance of appeal and the time expired for him to file a petition for writ of *certiorari* with the United States Supreme Court. *See* U.S. Sup. Ct. R. 13(1) (stating "a petition for a writ of *certiorari* to review a judgment in any case … is timely

when it is filed with the Clerk of this Court within 90 days after entry of the judgment"). Thus, Appellant had until October 25, 2018, to file a timely petition, making his petition filed on January 31, 2025, untimely. Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b) for this Court to have jurisdiction.

Appellant argued in his *pro se* petition that he meets the new-retroactive-right exception of section 9545(b)(1)(iii), based on the United States Supreme Court's holding in ***Smith v. Arizona***, 602 U.S. 779, 795 (2024). ***See*** Petition, 1/31/25, at 6. There, the Court concluded that if a forensic-testing expert "conveys an out-of-court statement in support of his opinion, and the statement supports that opinion only if true, then the statement has been offered for the truth of what it asserts." ***Smith***, 602 U.S. at 795. However, on appeal, Appellant concedes that ***Smith*** does not meet any timeliness exception, as it does not state "a new constitutional right[,] nor has it been held to be retroactive." Appellant's Brief at 11. As Appellant has abandoned his attempt to plead the timeliness exception of section 9545(b)(1)(iii) based on ***Smith***, we conclude the court did not err in dismissing his untimely petition.[1]

_____

[1] We note that Appellant asks this Court "to answer the question of what avenue [must] a petitioner take when the Supreme Court announces a ruling subjected to the 'old rule' law? How does one file in Pennsylvania?" ***Id.*** The answer to Appellant's questions is that a petitioner must seek relief via a
*(Footnote Continued Next Page)*

Notwithstanding the untimeliness of Appellant's petition, we briefly address his claim that the PCRA court should have recused from ruling on his instant petition. Appellant's argument, which is confusing at best, seems to be that the PCRA court made various errors while presiding over his trial and the litigation of his *first* PCRA petition. Appellant avers the following facts necessitated the court's recusal: 1) the court directed Appellant's first PCRA attorney to review his *pro se* response to the court's Rule 907 notice, in which Appellant raised that attorney's ineffectiveness, thereby creating an "inherent conflict[,]" Appellant's Brief at 6; 2) during trial, the court allowed "perjured testimony" by a certain detective, *id.* at 7; 3) the court mischaracterized the claims raised by Appellant in his initial PCRA petition, *id.*; 4) the court failed to hold a *Grazier*[2] hearing during the litigation of Appellant's first PCRA petition, and then misstated that it did hold such a hearing in its opinion after dismissing that petition, *id.* at 8; 5) the court ruled erroneously on Appellant's PCRA claims in his first petition, *id.* at 9; 6) the court failed to apply case law from the Pennsylvania Supreme Court in ruling on his first petition, *id.*; 7) the court mishandled and lost certain filings by Appellant during the litigation of his first petition, *id.*; 8) the court made improper credibility determinations

---

*timely-filed* PCRA petition, or plead and prove the applicability of one of the timeliness exceptions set forth above. Otherwise, neither the PCRA court, nor this Court, has jurisdiction to evaluate a petitioner's claim that the Supreme Court's decision impacts his/her case. *See Bennett*, 930 A.2d at 1267.

[2] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

against Appellant in ruling on his first petition, *id.* at 9-10; 9) the court fell asleep during Appellant's trial, *id.* at 11.

Initially, we note that Appellant did not raise any of these claims of court error and/or bias on direct appeal, or on appeal from the dismissal of his first PCRA petition.  *See Commonwealth v. Williams*, No. 2510 EDA 2018, unpublished memorandum at 3 (Pa. Super. filed Aug. 7, 2019) (stating Appellant's sole issue raised on appeal from the denial of his first PCRA petition was whether his trial counsel was "ineffective for giving inaccurate advice that vitiated Appellant's waiver of his fundamental and personal right to testify in his own defense"); *Commonwealth v. Williams*, No. 3275 EDA 2015, unpublished memorandum at 7-8 (Pa. Super. filed Dec. 16, 2016) (setting forth the five claims Appellant raised on direct appeal, none of which alleged any trial court bias).  Appellant also did not raise any allegation that the court exhibited bias in his second, *pro se* PCRA petition, or seek the recusal of the PCRA court from presiding over that petition.  *See* PCRA Petition, 7/7/20, at 5-6.

Consequently, we conclude that Appellant has waived his recusal argument.  This Court has explained:

> In this Commonwealth, a party must seek recusal of a jurist at the earliest possible moment, *i.e.*, when the party knows of the facts that form the basis for a motion to recuse.  If the party fails to present a motion to recuse at that time, then the party's recusal issue is time-barred and waived.

*Commonwealth v. Blount*, 207 A.3d 925, 930-31 (Pa. Super. 2019) (citation omitted).  Here, Appellant has known about his allegations of bias

since the time of his trial and the litigation of his first PCRA petition, yet he failed to raise those issues during his direct appeal, or on appeal from the order dismissing his first petition. Appellant also did not seek recusal of the PCRA court, or raise any allegations of court bias, when he litigated his second, *pro se* petition in 2020. Therefore, Appellant did not raise his recusal request "at the earliest possible moment" as **Blount** requires.

Even if the issue is not waived, we would conclude that Appellant has failed to demonstrate that the PCRA court abused its ample discretion by denying his recusal request. It is well-settled that

> [w]e review a trial court's decision to deny a motion to recuse for an abuse of discretion. Indeed, our review of a trial court's denial of a motion to recuse is **exceptionally deferential**. We extend extreme deference to a trial court's decision not to recuse. We recognize that our trial judges are honorable, fair and competent, and although we employ an abuse of discretion standard, we do so recognizing that the judge himself is best qualified to gauge his ability to preside impartially. Hence, a trial judge should grant the motion to recuse only if a doubt exists as to his or her ability to preside impartially or if impartiality can be reasonably questioned.

**Int. of D.R.**, 216 A.3d 286, 292 (Pa. Super. 2019) (emphasis added; some formatting altered) (quoting **In re A.D.**, 93 A.3d 888, 893 (Pa. Super. 2014) (citations and quotations omitted)).

In this case, the PCRA court denied Appellant's motion to recuse, finding that each of his "claims is either previously litigated, wildly mischaracterized, or insufficient as a matter of law to constitute the type of bias or partiality that requires recusal." PCOO at 9 (citation omitted). We agree. Appellant does not explain why the actions by the court would warrant recusal. He also does

not cite any legal authority to support his assertions of bias by the court. Many of the alleged errors by the court are simply rulings unfavorable to Appellant; "[h]owever, simply because a judge rules against a defendant does not establish any bias on the part of the judge against that same defendant." ***Commonwealth v. McCauley***, 1998 A.3d 947, 951 (Pa. Super. 2018) (quoting ***Commonwealth v. Travaglia***, 661 A.2d 352, 367 (Pa. 1995)) (quotation marks omitted). Therefore, even if not waived, we would conclude that Appellant has not met his "burden of producing evidence to establish bias, prejudice, or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially." ***Commonwealth v. Watkins***, 108 A.3d 692, 734 (Pa. 2014) (citations omitted). Accordingly, we find no abuse of discretion in the court's denial of his motion to recuse.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/10/2026